UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLAYERS1ST SPORTS MANAGEMENT GROUP-SMG, A.K.A., JAMES DICKEY, ESQ.,<br><br>          Plaintiff,<br><br>   v.<br><br>NATIONAL FOOTBALL LEAGUE, NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL, and NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION,<br><br>          Defendants. | Civil Action No. 1:17-cv-12295-IT |

**DEFENDANT NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION'S MOTION TO COMPEL ARBITRATION AND DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

  Defendant National Football League Players Association (the "NFLPA" or "Union") moves pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* (West 1947), to compel arbitration of all of Plaintiff's claims and dismiss the Complaint. Alternatively, the NFLPA moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint for Plaintiff's failure to state a claim.

  Plaintiff, a former NFLPA-certified Contract Advisor who has a history of filing "frivolous" and "vexatious" actions before this Court, asserts federal antitrust and state-law claims to challenge the "three-year rule" under the NFLPA's Regulations Governing Contract Advisors ("NFLPA Regulations"). *See Dickey v. City of Boston*, No. 16-cv-10636-LTS, 2016 WL 7365167, at *6 (D. Mass. Dec. 19, 2016). However, all of Plaintiff's claims are subject to mandatory

1

arbitration under the NFLPA Regulations. In fact, Plaintiff previously submitted to arbitration under the NFLPA Regulations the very claims he now improperly seeks to litigate before this Court. Accordingly, this Court should compel Plaintiff to arbitrate his claims under the NFLPA Regulations and dismiss the Complaint pursuant to the FAA.

Alternatively, this Court should dismiss the Complaint because Plaintiff has failed to state a legal claim. Specifically, Plaintiff's federal antitrust claim is barred by both the statutory and nonstatutory labor exemptions to the antitrust laws. And, even if it were not, Plaintiff has not and cannot meet myriad pleading requirements to state an antitrust claim. Furthermore, Plaintiff's state-law claims are preempted under the Labor-Management Relations Act, 1947 (29 U.S.C. § 141 *et seq.* (West 1947)) and the National Labor Relations Act (29 U.S.C. § 151 *et seq.* (West 1935)) and, further, are insufficiently plead. Given the foregoing, none of Plaintiff's claims survive scrutiny, and the Complaint should be dismissed.

In support of this Motion, the NFLPA refers this Court to the accompanying Memorandum.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), the NFLPA hereby respectfully requests that the Court hear oral argument on this Motion.

Dated: February 5, 2018                       Respectfully submitted,

                                              NATIONAL FOOTBALL LEAGUE
                                              PLAYERS ASSOCIATION

                                              By its attorneys,

                                              */s/ Russell Beck*
                                              Russell Beck, BBO No. 561031
                                                  *rbeck@beckreed.com*
                                              Hannah T. Joseph, BBO No. 688132
                                                  *hjoseph@beckreed.com*
                                              BECK REED RIDEN LLP
                                              155 Federal Street, Suite 1302
                                              Boston, Massachusetts 02110
                                              Telephone: (617) 500-8660
                                              Facsimile: (617) 500-8665

                                              Jeffrey L. Kessler
                                              Jonathan J. Amoona
                                              Winston & Strawn LLP
                                              200 Park Avenue
                                              New York, NY 10166
                                              Email: JKessler@winston.com
                                              Email: JAmoona@winston.com

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that, pursuant to LR 7.1, counsel for the NFLPA conferred and attempted in good faith with counsel for Defendants National Football League and National Football League Management Council to resolve or narrow the issues presented by this motion. Counsel for both Co-Defendants indicated that the Co-Defendants assent to this motion. Despite multiple attempts to reach *pro se* Plaintiff, James Dickey, including by calling multiple phone numbers associated with Mr. Dickey multiple times, leaving multiple voice messages, and sending multiple emails—all over the course of several days, I have been unable to connect with Mr. Dickey and, accordingly, have been unable to confer with Mr. Dickey regarding this motion.

                                              */s/ Russell Beck*
                                              Russell Beck

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filling (NEF) and paper copies will be sent to those indicated as non-registered participants on this 5th day of February 2018.

                                             */s/ Russell Beck*
                                             Russell Beck